# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

ERIKA RASCON                                                )
*Plaintiff,*                                                )
                                                            )
                                                            )  Case No. 4:26-cv-00573
  **-v-**                                                   )
                                                            )
ROCKWALL COUNTY, TEXAS;                                     )
DEPUTY JEFFREY WALLS, in his individual                     )
capacity; CITY OF WYLIE;                                    )
JOHN/JANE DOE DEPUTIES 1–5, in their                        )
individual capacities; and JOHN/JANE DOE                    )
WYLIE POLICE OFFICERS 1–5,in their                          )
individual capacities,                                      )
*Defendants.*                                               )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Erika Rascon ("Plaintiff" or Ms. Rascon") files this Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6). In support thereof, Plaintiff would show the Court as follows:

### Venue is proper in Eastern District, Sherman Division

The court should disregard the obvious clerical mistake of Rockwall County and consider

the correct address/location of 3110 Troy Road, Wylie, Texas 75098, especially as it is the

correct address in the proper federal district of Sherman-Eastern as determined by the court

locator on the Eastern U.S. District website. Txed.uscourts.gov/?q-court-locator, finding Wylie in

Collin County to be color coded Sherman, Eastern District.   Plaintiff did not call Rockwall's

Sheriff or the City of Wylie Police out, rather they stopped and interrupted, Deputy Jeffrey Walls of

Rockwall County Sheriff Department seized and detained Plaintiff as first alleged in Paragraph 11

of the Complaint. Dkt.1 p. 4  "At all times relevant hereto, Defendant Deputy JEFFREY WALLS

1

was a deputy sheriff employed by the Rockwall County Sheriff's Office, acting under color of state law and performing law-enforcement functions within Rockwall County.  He is sued in his individual capacity for violations of federal law.  His employment address for service of process is believed to be 3110 Troy Road, Wylie, Texas 75098, the location where he detained and restrained Plaintiff."

Plaintiff is filing an amended complaint pursuant to Rule 15(a)(1) in regard to Wylie as venue, which is the actual basis of determination.  There is no basis for transfer to the Northern District of Texas U.S. Federal Court.

### Waiver of Immunity under Texas Tort Claims Act and 42 USC 1983

Federal claims are treated separately and Defendant wrongfully conflates the pleadings of the negligence and excessive force under 42 USC 1983.[1] A federal plaintiff can bring both a Texas Tort Claims Act (TTCA) claim for negligent use of handcuffs and a federal Fourth Amendment excessive-force claim under § 1983, as these causes of action are legally distinct and not procedurally mutually exclusive at the pleading stage.[2]

Federal procedure allows pleading alternative or inconsistent theories, so plaintiffs may allege both § 1983 excessive force and TTCA negligent use in separate counts, and they are not combined into one count to avoid confusion over defendants and liability standards.

Further, not all handcuffing is treated equally, as Defendants presume by their general reference to handcuffing as the basis of both negligence and excessive force claims.  While

---

[1]  *Peter Klassen v. Gaines County, Texas and Gaines County Deputy Sheriffs Ken Ketron and Clint Lowe,* No. 11-19-00266-CV, in the Texas Eleventh Court of Appeals, appeal filed August 23, 2019 judyrecords.com Trial court: 106th District Court, Gaines County, Texas, Cause No. 19-08-18199, Hon. Cecil G. Puryear, presiding.judyrecords.com

[2] *Id.*

2

intentional torts are excepted from the waiver of immunity given to use of tangible property in injury to another, the negligent use of handcuffs as such property is a substantial standard and gives room to Plaintiff alleging both negligence and excessive force successfully in the alternative.

Under both *Scott* and *Guevara* negligence in the use of handcuffs was sustained as proper allegation that prevented the intentional tort conversion of negligence merely because of the use of handcuffs.  Facts were distinguished by which plaintiffs can proceed within the waiver of governmental immunity.

In *Guevara*, the plaintiff alleged that a city police officer negligently injured him while handcuffing him. The pleadings alleged that the officer "overreacted," attempted to expedite handcuffing, failed to act reasonably and prudently, and disregarded the plaintiff's pleas of pain. The court recognized the plaintiff's claim as one brought under TTCA § 101.021(2), the waiver for personal injury caused by the condition or use of tangible personal property. The opinion explains that a governmental unit may be liable for negligent use of tangible property if the employee would be personally liable.[3]

In Plaintiff's Complaint Dkt. 1, pp 5-6, paragraphs 19-23 (negligence) and pp. 11-12 paragraphs 41-53 (excessive force), Plaintiff alleges that defendant Walls and other officers heard her warnings about her hip attached implanted medical device and placement of handcuffs,

---

[3] *City of Beverly Hills v. Guevara*, No. 10-94-203-CV, 911 S.W.2d 901 (Tex. App.—Waco Dec. 13, 1995). Related Texas Supreme Court interlocutory-appeal decision: *City of Beverly Hills v. Guevara*, 904 S.W.2d 655 (Tex. 1995). The Waco court's remand opinion analyzed a negligent handcuffing injury claim under the TTCA and official-immunity framework.

3

nonetheless with knowledge handled her roughly, rear handcuffed her which put dangerous pressure on the device, triggered alerts, and still left her for an unreasonable substantial amount of time without adjusting the handcuffs.  Plaintiff further alleged in Dkt. p.16, paragraph 75 that defendants maintained the restraints in a way that caused the port line to become dislodged, contaminated and infected, resulting in hospitalization and interruption of life-sustaining cardiac therapy.

     *Guevara* as well as *Gordon* invite the analysis of negligence as sufficient with multiple factors in action to create the significant injury at hand.[4]

## Injury More Than De Minimis

**Application to a Dislodged Cardiac/Infusion Port Line**

A handcuffing allegation involving a cardio-therapy port line or waistline medical device that was dislodged or broken by the placement and tightening of restraints, followed by contamination, infection, and intravenous antibiotics, is materially different from an ordinary "tight handcuffs caused wrist pain" case.

     Those facts, if pleaded with sufficient detail, should ordinarily satisfy the **more-than-de-minimis injury** requirement at Rule 12(b)(6). The alleged injuries are objective and medically significant:

- physical displacement of a medical line or port connection;
- breakage of the line or device;

---

[4] *City of Watauga v. Gordon*, 389 S.W.3d 604 (Tex. App.—Fort Worth 2012), rev'd, 434 S.W.3d 586 (Tex. 2014).

- contamination of an internal or semi-internal access system;

- infection;

- need for IV antibiotics;

- likely medical evaluation, treatment, replacemeent, or monitoring.

That is not merely pain or temporary discomfort. It is a medically consequential injury involving a therapeutic device and infectious complications.

Compelling is the analogous Fifth Circuit/Texas federal authority holding that medically documented, non-trivial injury satisfies the injury element, while distinguishing the ordinary tight-handcuff cases where only transient pain, bruising, or redness was alleged.[5]  In *Ramirez*, the Fifth Circuit reversed summary judgment on a Fourth Amendment excessive-force claim. The court reiterated that a plaintiff must show an injury that resulted directly and only from force that was clearly excessive and clearly unreasonable, and it held that the plaintiff's alleged taser-related injuries were sufficient to satisfy the injury requirement. Although *Ramirez* is not a port-line or handcuff-medical-device case, it is useful because it confirms that physical injuries requiring medical attention and resulting from force can clear the more-than-de-minimis threshold. Additional strong support for greater than de minimis is *Bush v. Strain*, 513 F.3d 492, 500–02 5th Cir. 2008.  *Bush* is not a Texas case, but it is binding Fifth Circuit authority. The plaintiff alleged that an officer forcefully slammed her face into a vehicle after she was restrained, causing injury. The Fifth Circuit held the injury was sufficient and allowed the excessive-force claim to proceed.

---

[5] *Ramirez v. Martinez*, 716 F.3d 369, 377–78 5th Cir. 2013.

5

It is useful for the proposition that objectively verifiable injury caused by gratuitous or unreasonable force is not de minimis.

Plaintiff's Complaint Dkt 1, pp. 5-7, paragraphs 21 thru 29 show the factual detail of the officers' deliberate ignoring of Plaintiff's warnings regarding her medical device and condition; ignored device alerts caused by pressure on the unit by handcuffs as well as the dislodgement and contamination of the device and deteriorating condition of Plaintiff requiring medical care, as well as failure of officers to intervene or take alternate steps to ameliorate the situation.  As Plaintiff's injuries pass the de minimis threshold Defendants' argument fails as to excessive force claim, as well as to the failure to intervene claim as there existed substantial medical condition to address and thus a violation of a clearly established constitutional right.  Plaintiff Complaint Dkt.1, p. 11 paras. 50 and 51 adequately allege violation of a clearly established constitutional right thus preventing limited immunity for individual defendants in the 42 USC 1983 4th amendment claim.

### Allegations against Deputy Walls and jurisdictional Does

Paragraph 11 specifically pleads as to Officer Walls actions to detain and restrain Plaintiff.  Plaintiff can replead subject to Rule 15a (1) using three officer body cam videos and will do so.  Plaintiff also requests leave to do so under Rule 15a (2) when courts "freely give leave when justice so requires".

As indicated, Deputy Walls is alleged with specific acts in paragraph 11 and the officers are distinguished by jurisdiction.  These cases support small group or mixed Doe allegations.

6

*Whitley* is a strong Fifth Circuit case for failure-to-intervene principles.[6] It states that an officer may be liable where the officer knows a fellow officer is violating a person's constitutional rights, has a reasonable opportunity to prevent the harm, and chooses not to act. This supports allegations against Wylie both before and after the dislodgement of the device with its contemporaneous contamination.  *Timpa* is particularly useful where several officers are present during a restraint and medical distress is apparent. The Fifth Circuit allowed claims to proceed against officers who participated in or failed to stop restraint-related force despite signs of medical crisis. The case supports the proposition that officers cannot ignore an obvious serious medical risk during restraint.[7]

The events and injuries here are of the same kind not to ignore in face of serious medical risk during restraint: dislodgement of the device and disruption of its partially internal line for cardio therapy that were contaminated resulting in an infection requiring hospitalization and IV antibiotics.

The question of why Rockwall County Sheriff responded to the property owner's call given the Wylie and Collin County address is also a conundrum and lends itself to Monell lack of training and supervision.  This, in addition the deliberate indifference shown by the Rockwall Deputies giving the record of "Informational – No Offense", are factual allegations supporting Monell basis of liability.  As well, the allegations allege how the training was deficient in restraining when medical concerns present and ADA/504 and allege that such custom had

---

[6] *Whitley v. Hanna*, 726 F.3d 631 (5th Cir. 2013)
[7] *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021)

spread, especially where here the Rockwall Sheriff Deputies were out of jurisdiction with little to no accountability.

Plaintiff respectfully requests the Court to uphold Plaintiff's causes of action given the case law and argument provided, as well as Rule 15 (a)(1)(B) repleading to occur by August 12, 2026.  In the alternative, Plaintiff respectfully requests the court to grant leave to amend pursuant to Rule 15 (2)(a) in the interest of justice to redress her injuries incurred by the violation of constitutional rights and waiver of governmental immunity under the circumstances and such violations.

**Prayer**

For the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendants' Motion to Dismiss and allow Plaintiff's valid claims to be heard.

Dated: <u>August 5, 2026</u>

Respectfully Submitted,

_/s/ Renee Walker_____
Renee Walker, ESQUIRE
Texas State Bar No.: 16958480
**LLG NATIONAL LAW GROUP**
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012
Phone: 602.960.9400
Fax: 707.215.3600
Renee.walker@llgnational.com
*Attorney for Plaintiff*

8