IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIKA RESCON,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 4:26-CV-00573-ALM |
| ROCKWALL COUNTY, *et. al.*<br>Defendants | §<br>§<br>§ | |

**DEFENDANT'S (City of Wylie) MOTION TO DISMISS and BRIEF DIRECTED TOWARD PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant the City of Wylie, TX (hereinafter "City" or "Defendant") who makes and files this Motion to Dismiss and Brief Directed toward Plaintiff's First Amended Complaint (Docket # 18, sometimes referenced herein as "Complaint") and would state the following:

1. Issues. Defendant believes these issues are presented by this motion:
   a. Whether the Amended Complaint adequately presents a recoverable claim against the City under applicable law.
   b. Whether venue is proper in this Honorable Court.

2. Defendant moves herewith to dismiss this action[1] as to the City of Wylie as the Amended Complaint before the Court does not adequately plead a claim of municipal liability as to this City and is subject to dismissal under F.R.C.P. 12(b)(6). Plaintiff herein sues the City of Wylie alleging that Plaintiff was detained by another agency for trespassing which was not supported by probable cause. *See*, Plaintiff's First Amended Complaint at docket # 18. Plaintiff

[1] The claims other than §1983 claims are not directed toward the City of Wylie and are not addressed herein.

also alleges inattention to medical needs by another agency and its officers and a bystander claim against the City. *Id*.

3. **The venue question**: The address at which the underlying events occurred is located in Rockwall County,[2] thus in the Northern – not the Eastern – District of Texas. Accordingly, Venue does not lie in this Honorable Court.

4. **<u>Standard of review</u>, Rule 12(b)(6) Motion to Dismiss**: *To avoid dismissal*, Plaintiff must provide the factual grounds for entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)*; See also, Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 502 (5th Cir. 1959). "Factual allegations must be enough to raise a right to relief above the speculative level..." *Bell Atlantic Corp. v. Twombly, supra.* The sufficiency of the allegations are to be evaluated solely on the basis of the pleadings. S*pivey v. Robertson* 197 F.3d 772, 774 (5th Cir. 1999) *cert. denied*, 530 U.S. 1229 (2000); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *See also, Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). The factual pleading of Plaintiff must establish a "facial plausibility" that Defendant engaged in unlawful conduct and is liable to Plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662*,* 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also*, *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). This requires that the factual pleadings support *more than a mere possibility* of liability and that the pleaded facts pleaded go *beyond* mere consistency with a defendant's alleged liability. *Id.*, citing *Twombly*, 550 U.S. at 557; *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 743 (5th Cir. 2008) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly, supra* at 550 U.S. 555. (emphasis added). *Detailed factual pleadings* are entitled to a presumption of truth (for the purpose

[2] The address, 3110 Troy Road, is located within Rockwall County. This fact may be accurately and readily determined by reference to any of a number of available mapping functions and this Honorable Court may take judicial notice of this fact. FRE. 201. *See also*, 28 U.S.C. §124 (a)(1).

of the motion) while c*onclusory allegations* do *not* enjoy such a presumption. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); *see also, Ferrer v. Chevron Corp*. 484 F.3d 776, 780 (5th Cir. 2007). *Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). For example, the Complaint merely claims the City "… failed to adequately train, supervise, and discipline its officers..." Complaint, para. 92. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal, supra*,129 S. Ct. at 1949, quoting *Twombly, supra*, 550 U.S. at 557.

5. Even under the liberal notice pleading standard of Rule 8 as applied pre-*Twombly*, the complaint must provide fair notice of the basis for Plaintiff's claims. *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002); *See*, *Grantham v. City of Terrell,* 2007 WL 4556905, *5 (N.D. Tx., Dec. 27, 2007. J. Lindsay). To avoid dismissal, *plaintiff must plead specific facts, rather than mere conclusory allegations*, which would establish a right to recover. *Guiday v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "The complaint must contain either direct allegations on *every* material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under the relevant legal theory. *Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995) (quoting 3 C. Wright & A. Miller, Fed. Prac. & Proc.: Civil 2d §1216 at 156-59). "*The court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts' to save [the] complaint." Id.* at 975 (quoting *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (emphasis added). <u>Municipal liability</u> under §1983 includes three elements: (1) "a policymaker"; (2)"an official policy"; and, (3) "a violation of constitutional rights whose moving force is the policy or custom." *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010); *see also, Peterson v. City*

*of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). A municipality cannot be held liable under § 1983 on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). "A plaintiff must show that (1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a "moving force" in causing violation of plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." *Shumpert v. City of Tupelo, MS.,* 905 F.3d 310, 317 (5th Cir. 2018) (citing *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010); *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010); *Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir. 2002). These allegations require factual support which is lacking in the Complaint. To succeed on a failure-to-supervise or failure-to-discipline claim under Monell, Plaintiff must show: (1) the City failed to supervise or discipline the officers involved; (2) a causal connection between that failure and the alleged violations of his [her] rights; and (3) the failure constituted deliberate indifference to Plaintiff's rights. *See, Armstrong v. Ashley*, 60 F.4th 262, 277 (5th Cir. 2023) (failure to train); *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024) (failure to discipline). Again, factual allegations of these elements are lacking in this record.

6. The Complaint before the Court contains no factual allegations, as opposed to mere conclusory allegations, to support any element of *municipal liability* nor of the required causation or deliberate indifference of a final policymaker. Indeed, no final policymaker is even identified or referenced in the Amended Complaint. Accordingly, the Complaint is subject to dismissal pursuant to FRCP 12(b)(6). Simply put, the Court need not accept factually unsupported legal conclusions. *See*, *Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)*, supra; See also, Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001); *Tuchman v. DSC Communications Corp*., 14 F.3d 1061, 1067 (5th Cir. 1994) ("We will thus not accept as true conclusory allegations or unwarranted deductions of fact.*"); Burgos v. Group & Pension Adm'rs, Inc*., 286 F. Supp. 2d 812, 814-15 (S.D. Tex. 2003). As to a City such as Defendant herein, Plaintiff

must factually plead that the alleged civil rights violation occurred pursuant to some sort of policy or custom promulgated by the City. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690–91 (1978). Failure to identify an alleged custom or policy renders the Complaint subject to dismissal under F.R.C.P. 12(b)(6). *Clark v. Thibidaux City*, 787 Fed. Appx. 198, 2019 WL 4556413 (5th Cir. 2019). The claim that the alleged policy in question was "promulgated or ratified by the city's policymaker" must be factually supported. *Groden v. City of Dallas, Tx*. 826 F.3d 280, 285 (5th Cir. 2018). Such factual support is lacking in this record. Further, the amended complaint lacks factual allegations of any deliberate indifference of purported policymaking officials. This is required to meet the moving force causation standard and to establish a claim of municipal liability. *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015). Plaintiff "must show that the municipal action was taken with the requisite degree of *culpability* and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 404 (1997) (emphasis added). In other words, "[t]he plaintiff must . . . demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Id*. (emphasis added) "Deliberate indifference is a stringent standard of fault, requiring proof [here, factual allegations] that a municipal actor [a policymaker] disregarded a known or obvious consequence of his action." *Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 381 (5th Cir]. 2005) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997) (alteration omitted)). *A description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts*. *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added). The required factual allegations, as opposed to conclusions, are simply not found in the Complaint before the Court.

7. **<u>This Complaint is inadequate</u>**. A review of the Complaint reveals a lack of factual allegations indicating an absence of probable cause or reasonable suspicion to support the detention or medical inattention claims; a lack of factual allegations to support the policy or custom allegations as to the Cityof Wylie; a lack of factual allegations to identify a City policymaker or allege deliberate indifference by the unknown policymaker, and; a lack of factual allegations necessary to support any claim of causation by the unspecified City actions. Plaintiff's training allegations do not pass muster in this Circuit. Plaintiff's Complaint relies upon a training theory for its municipal liability claim. *See*, Docket #18, pp.23-24. "In this inquiry, mere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." … "for liability to attach based on an "inadequate training" claim, a plaintiff must allege *with specificity* how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d. 287, 293 (5th Cir. 2005) (emphasis added).

8. To the extent a claim for punitive damages from the City is found in the Complaint, said damages are not recoverable from the City. On her federal claims, such damages are precluded as a matter of law. *City of Newport v. Facts Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). With respect to the state law claims, if any,, Tex. Civ. Prac. & Rem. Code § 101.024 (Vernon 2005) does not allow recovery of punitive damages from a governmental entity. Thus, any claims for such damages and alleged claims for purported State Law torts as to the City do not present a recoverable claim and should be dismissed pursuant to F.R.C.P. 12(b)(6). Further, any recovery for punitive damages herein violates the Eighth Amendment to the U. S. Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant The City of Wylie respectfully prays for the dismissal relief sought herein and for such other and further relief, both general and special, to which it may be justly entitled.

Respectfully submitted,

**<u>/s/ Joe C. Tooley</u>**

State Bar No. 20129750
510 Turtle Creek, Suite 112
Rockwall, TX 75087
972-722-1058
972-722-1070 (fax)
joe@tooleylaw.com

ATTORNEY FOR THE CITY OF WYLIE, TX.

**CERTIFICATE OF SERVICE**

On the 24th day of August, 2026, a copy of the foregoing document was served upon all counsel of record via the Court's ECF system.

**/s/ Joe C. Tooley**