**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ERIKA RASCON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ROCKWALL COUNTY, TEXAS; DEPUTY JEFFREY WALLS, in his individual capacity; CITY OF WYLIE; JOHN/JANE DOE DEPUTIES 1-5, in their individual capacities; and JOHN/JANE DOE WYLIE POLICE OFFICERS 1-5, in their individual capacities,** | § § § § § § § | **No. 4:26-CV-00573-ALM** |
| | § | |
| **Defendants.** | § | |

**JOINT REPORT OF RULE 26(f) CONFERENCE**

NOW COME Plaintiff Erika Rascon ("Plaintiff") and Defendants Rockwall County, Texas, Deputy Jeffrey Walls, Deputy Trey Williams, and City of Wylie, Texas ("Defendants"), and, pursuant to the Court's Order Governing Proceedings of August 14, 2026 [Dkt. #20] and Fed.R.Civ.P. 26(f), file this Joint Report of Rule 26(f) Conference, and would respectfully show the Court as follows:

Counsel for Plaintiff and counsel for Defendants met on September 3, 2026, to discuss the matters set out in the Court's Order Governing Proceedings. Plaintiff and Defendant report the following:

**(1) A brief factual and legal synopsis of the case:**

Plaintiff: This action arises from, inter alia, violations of the Fourth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, arising from the unlawful detention, excessive and medically dangerous restraint of Plaintiff Erika Rascon, the failure of Rockwall County deputies and Wylie Police Department officers to intervene, and the deliberate indifference to Plaintiff's serious medical needs during a June 16, 2025 encounter. Plaintiff further alleges violations of

Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Texas Tort Claims Act, based on Defendants' refusal to accommodate her known cardiac condition, their failure to protect her privacy and bodily integrity, and their use of restraint practices that caused the dislodgment and contamination of her implanted medical device. Such events occurring at or near 3110 Troy Road, Wylie Texas. (the "Incident Location").

Defendants Rockwall County, Texas, Deputy Jeffrey Walls, and Deputy Trey Williams: Defendants Rockwall County, Texas, Deputy Jeffrey Walls, and Deputy Trey Williams deny that they violated Plaintiff's Constitutional or statutory rights, in any respect. Plaintiff was lawfully detained, no excessive force was applied to her, and Defendants did not respond to any known, serious medical need of Plaintiff with deliberate indifference. Defendants Walls and Williams further contend they are entitled to qualified immunity from Plaintiffs' claims. Defendant Rockwall County denies that any alleged Constitutional violations were caused by any unlawful policies, customs, or practices of Rockwall County, or by any insufficient hiring, supervision, or training by the County. Rockwall County further denies that it violated Plaintiff's rights under the Americans with Disabilities Act or Section 504 of the Rehabilitation Act. Rockwall County further contends that its governmental immunity has only been waived to the extent set forth in the Texas Tort Claims Act, and it is immune from Plaintiff's State-law tort claims. Defendants Rockwall County, Texas, Deputy Jeffrey Walls, and Deputy Trey Williams further contend that venue of this case is not proper in the United States District Court for the Eastern District of Texas, and that the case should be transferred to the United States District Court for the Northern District of Texas, Dallas Division.

Defendant City of Wylie, Texas: A Wylie Police Department officer backed up Rockwall County Sheriff's Office deputies who were responding to a trespassing (squatters) call at an address in Rockwall County near the Wylie city limits. The Wylie officer observed no improper acts by the Rockwall County Sheriff's Office deputies.

**(2) The jurisdictional basis for the suit:** 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367(a).

**(3) A list of the correct names of the parties to this action and any anticipated additional or potential parties:**

Plaintiff: Erika Rascon

Defendants: Rockwall County, Texas
Jeffrey Walls
Trey Williams
Jose Acosta Mejia
City of Wylie, Texas

**(4)** **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases:**

None.

**(5)** **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed:** Initial mandatory disclosures will be completed by September 11, 2026.

**(6)** **Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule. *Now is the time to inform the Court of any special complexities or need for more time before the trial setting*. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation:**

See Appendix 1.

**(7)** **Describe in accordance with Rule 26(f):**

**(i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery is expected to be directed at the elements of Plaintiff's causes of action, the defenses alleged by Defendants, and any claimed damages. Discovery will be completed by the suggested March 17,2027, deadline. The parties do not believe discovery should be conducted in phases or subjected to limits other than those imposed by the Federal Rules of Civil Procedure and local rules of this Court. Defendants contend that all discovery should be stayed pending a determination of the individual Defendants' assertions of qualified immunity.

**(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

The parties intend to disclose ESI through production of media or transmission of files via e-mail. Currently, the parties are aware of no disputes regarding the disclosure or discovery of ESI.

**(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored**

**information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Currently, the parties are not aware of issues regarding the handling and protection of privileged material or discoverable information that should be reflected in a Court Order. The parties anticipate that the handling and protection of privileged materials can be addressed through standard confidentiality and/or protective orders, should the need arise.

**(iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

Defendants believe discovery should be stayed pending a determination of the individual Defendants' assertions of qualified immunity.

**(v) Any other orders that the Court should issue under under Rules 26(c), or 16(b), or 16(c) :**

None.

**(8) State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties would like to suggest a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses:**

The parties have engaged in initial, general discussions about the possibility for an early resolution of this case. The parties are continuing to explore the potential for settlement.

**(9) The identity of persons expected to be deposed:**

Erika Rascon
Jeffrey Walls
Trey Williams
Jose Aocsta Mejia
Wylie EMS personnel

**(10) Estimated trial time and whether a jury demand has been timely made:**

Trial is estimated to last 2-3 days. A jury has been demanded.

**(11) The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client):**

**Plaintiff:** Renee Walker

**Defendants Rockwall County, Texas, Deputy Jeffrey Walls, nd Deputy Trey Williams:** Stephen D. Henninger

**Defendant City of Wylie, Texas:** Joe C. Tooley

**(12) Whether the parties jointly consent to trial before a magistrate judge:**

The parties do not consent to trial before a magistrate judge.

**(13) Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference:**

Whether venue of this case is proper in the United States District Court for the Eastern District of Texas or whether it should be transferred to the United States District Court for the Northern District of Texas, Dallas Division.

Whether discovery should be stayed pending a determination of the individual Defendants' assertions of qualified immunity.

The Parties are permitted to modify the deadlines herein by written agreement and filed with the court, so long as the modifications do not impact the pre-trial material content and filing deadlines and the trial date.

Respectfully submitted,

*/s/ Renee Walker*
Renee Walker, ESQUIRE
Texas State Bar No.: 16958480
**LLG NATIONAL LAW GROUP**
3003 N Central Avenue - Suite 685 Phoenix, AZ 85012
Phone: 602.960.9400
Fax: 707.215.3600

*Attorney for Plaintiff*

*/s/ Stephen D. Henninger*
**STEPHEN D. HENNINGER**
State Bar No. 00784256
henninger@mdjwlaw.com
**FRANCISCO J. VALENZUELA**
State Bar No. 24056464
valenzuela@mdjwlaw.com
**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
214-420-5500
214-420-5501 (fax)
**ATTORNEYS FOR DEFENDANTS
ROCKWALL COUNTY, TEXAS, DEPUTY JEFFREY WALLS. AND DEPUTY TREY WILLIAMS**

*/s/ Joe C. Tooley*
**JOE C. TOOLEY**
State Bar No. 20129750
510 Turtle Creek, Suite 112
Rockwall, TX 75087
972-722-1058
972-722-1070 (fax)
joe@tooleylaw.com
ATTORNEY FOR THE CITY OF WYLIE, TX.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been e-served to all attorneys of record, in compliance with the FEDERAL RULES OF CIVIL PROCEDURE, on September 11, 2026.

*/s/ Stephen D. Henninger*
**STEPHEN D. HENNINGER**

Appendix 1

PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated. (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes)

| | |
|---|---|
| October 7, 2026<br>(1 week after mgmt conf.) | Deadline for motions to transfer |
| November 11, 2026<br>(6 weeks after mgmt conf.) | Deadline to add parties |
| April 16, 2027 | Mediation must occur by this date. |
| six weeks prior to mediation ddl | Deadline by which the parties shall notify the Court of the name, address, and telephone number of a suggested mediator, or request that the Court select a mediator. |
| December 9, 2026<br>(10 weeks after mgmt. conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| December 23, 2026<br>(12 weeks after mgmt conf.) | Deadline for Plaintiff to file amended pleadings<br>(A motion for leave to amend is required.) |
| January 6, 2027<br>(14 weeks after mgmt. conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| January 6, 2027<br>(14 weeks after mgmt conf.) | Deadline for Defendant's final amended pleadings<br>(A motion for leave to amend is required.) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection |
| February 18, 2027<br>(14 weeks after mgmt conf. **but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |

| | |
|---|---|
| March 17, 2027<br>(24 weeks after mgmt conf.) | All discovery shall be commenced in time to be completed by this date. |
| May 27, 2027<br>(6 weeks before final pretrial conf.) | Notice of intent to offer certified records |
| May 27, 2027<br>(6 weeks before final pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Lawin non-jury cases). |
| June 3, 2027 | (5 weeks before final pretrial conf.) Deposition Designation due. Each party who proposes to offer a deposition shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the Court.<br>The party who served an initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| June 8, 2027<br>(30 days before final pretrial conf.)<br>(*See* www.txed.uscourts.gov). | Motions in limine due<br>File Joint Final Pretrial Order |
| June 24, 2027<br>(2 weeks before final pretrial conf.) | Response to motions in limine due<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.4 (This does not extend deadline to object to expert witnesses.)<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by Court. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| **July 8, 2027** | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. |

| | |
|---|---|
| | However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| to be determined | 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between August 2, 2027, and September 3, 2027. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |