UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| ERIKA RASCON<br>*Plaintiff,*<br><br>-v-<br><br>ROCKWALL COUNTY, TEXAS; DEPUTY JEFFREY WALLS, in his individual capacity; DEPUTY TREY WILLIAMS, in his individual capacity; DEPUTY JOSE ACOSTA MEJIA, in his individual capacity; CITY OF WYLIE; JOHN/JANE DOE DEPUTIES 1–5, in their individual capacities; and JOHN/JANE DOE WYLIE POLICE OFFICERS 1–5,in their individual capacities,<br>*Defendants.* | ) | Case No. 4:26-cv-00573 |

**JOINT MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

Plaintiff Erika Rascon and Defendant Rockwall County, Jeffrey Walls, Trey Williams, and City of Wylie (collectively, the "Parties") jointly move under 28 U.S.C. § 1406(a) to transfer this action to the United States District Court for the Northern District of Texas, Dallas Division. Alternatively, to the extent the Court determines that venue is not improper in this District, the Parties request transfer under 28 U.S.C. § 1404(a).

In support, the Parties state as follows.

**1. Background**

1. Plaintiff filed this action in the Sherman Division of the Eastern District of Texas on May 29, 2026.

2. This action arises from, *inter alia*, alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, arising from the unlawful detention, excessive and medically dangerous restraint of Plaintiff Erika Rascon, the failure of Rockwall County deputies and Wylie Police Department officers to intervene, and the deliberate indifference to Plaintiff's serious medical needs during a June 16, 2025 encounter. Plaintiff further alleges violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Texas Tort Claims Act, based on Defendants' refusal to accommodate her known cardiac condition, their failure to protect her privacy and bodily integrity, and their use of restraint practices that caused the dislodgment and contamination of her implanted medical device. Such events occurring at or near 3110 Troy Road, Wylie Texas. (the "Incident Location").

3. The Incident Location's ZIP code, 75098, includes addresses situated in both Collin County and Rockwall County. The postal designation therefore does not conclusively establish the county in which the Incident Location is situated.

4. After this action was filed, the Parties reviewed a county engineer's recorded plat, a boundary survey and county GIS records identifying the applicable county boundary.

5. That evidence establishes that the Incident Location is approximately three blocks inside Rockwall County. A true and correct copy of Affidavit of Erika Bridges, County Engineer is

attached as **Exhibit A**.

6. Under 28 U.S.C. § 124(a)(1), Rockwall County is assigned to the Dallas Division of the United States District Court for the Northern District of Texas.
7. The Incident Location is not situated in a county assigned to the Sherman Division under 28 U.S.C. § 124(c)(3).
8. Plaintiff previously identified the Eastern District of Texas based on the Incident Location's mailing address and ZIP code. The county engineer's plat demonstrates that the mailing designation does not correspond to the actual county boundary.

**2. Venue Is Proper in the Northern District of Texas**

9. Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.
10. A substantial part of the events or omissions giving rise to this action occurred at the Incident Location in Rockwall County.
11. Because Rockwall County is within the Dallas Division of the Northern District of Texas, this action could have been brought in that court when it was filed.
12. Defendants are also subject to personal jurisdiction in the Northern District of Texas with respect to the claims asserted in this action because they work and or reside in Rockwall County and the State of Texas.

**3. Transfer Is Appropriate Under 28 U.S.C. § 1406(a)**

13. Section 1406(a) provides:

*"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."*

14. The physical location of the events giving rise to the action—not the ZIP code assigned for postal purposes—places the Incident Location in Rockwall County and therefore in the Northern District of Texas, Dallas Division.

15. Transfer is preferable to dismissal because it will preserve the filing date, avoid unnecessary expense and delay, and permit the action to proceed on its merits in the proper district.

16. The filing in this District resulted from an understandable geographic mistake caused by a ZIP code spanning more than one county, rather than bad faith or forum manipulation.

17. Transfer therefore serves the interest of justice. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).

**4. Alternatively, Transfer Is Appropriate Under 28 U.S.C. § 1404(a)**

18. If the Court determines that venue is technically proper in the Eastern District of Texas, the Parties alternatively request transfer under 28 U.S.C. § 1404(a).

19. Section 1404(a) authorizes transfer "[f]or the convenience of parties and witnesses, in the interest of justice," to a district or division in which the action might have been brought or to which all parties have consented.

20. The relevant incident occurred in Rockwall County. The following sources of proof and witnesses are located in or nearer to the Dallas Division:

a. Law-enforcement or investigating agency;

b. Emergency medical personnel or treating providers;

c. County engineer, surveyor, or custodian of records;

d. Eyewitnesses;

e. Physical evidence, property records, or inspection site; and

21. Transfer will facilitate access to relevant evidence, reduce travel and litigation expenses, and place the action in the division with the most direct local connection to the dispute.
22. All Parties consent to the requested transfer, and neither Party will be unduly prejudiced by adjudication in the Dallas Division.

**5. Requested Relief**

For these reasons, the Parties respectfully request that the Court:

1. grant this Joint Motion;
2. transfer this action under 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of Texas, Dallas Division;
3. alternatively, transfer this action under 28 U.S.C. § 1404(a); and
4. grant all further relief to which the Parties may be entitled.

Respectfully submitted,

*/s/ Renee Walker*

Renee Walker
Texas Bar No. 16958480
LLG National Law Group
3003 North Central Ave. Ste. 685
Phoenix, AZ 85012
Telephone: 888-363-0011
renee.walker@llgnational.com
**Counsel for Plaintiff**

Stephen D. Henninger
Texas Bar No. 00784256
Martin, Disiere, Jefferson & Wisdom LLP
9111 Cypress Water Blvd. Ste 250
Dallas Texas 750019
214-420-5500
henninger@mdjwlaw.com

By /s/ Stephen D. Henninger
Stephen D. Henninger

/s/ Joe C. Tooley
JOE C. TOOLEY
State Bar No. 20129750
510 Turtle Creek, Suite 112
Rockwall, TX 75087
972-722-1058
972-722-1070 (fax)
joe@tooleylaw.com
ATTORNEY FOR THE CITY OF WYLIE, TX

---

**Certificate of Conference**

The undersigned certifies that counsel for all Parties conferred regarding the relief requested in this motion. The Parties jointly request the transfer, and the motion is agreed.

*/s/ Renee Walker*
Renee Walker

---

**Certificate of Service**

The undersigned certifies that on September 9, 2026 the foregoing document was filed electronically through the Court's CM/ECF system, which served all counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

/s/ *Renee Walker*
Renee Walker

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIKA RASCON,<br><br>Plaintiff<br><br>�<br><br>ROCKWALL COUNTY, TEXAS; DEPUTY JEFFREY WALLS, in his individual capacity; CITY OF WYLIE; JOHN/JANE DOE DEPUTIES 1-5, in their individual capacities; and JOHN/JANE DOE WYLIE POLICE OFFICERS 1-5, in their individual capacities,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:26-CV-00573-ALM |

STATE OF TEXAS §
§
COUNTY OF ROCKWALL §

BEFORE ME, the undersigned authority, personally appeared Erika Bridges, who being by me duly sworn, upon her oath deposed as follows:

1. "My name is Erika Bridges. I am over twenty-one years of age, have never been convicted of a felony or crime involving moral turpitude, and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct.

2. I am employed as the County Engineer for Rockwall County, Texas. As the County Engineer, I am the director of the Rockwa l l County Development Services Department and review plans, plats, and specifications for development and road construction projects within Rockwall County, among other duties. In my capacity as Rockwall County Engineer, I have personal knowledge of what roadways are within the territorial limits of Rockwall County. I also

have access to Geographic Information System (GIS) mapping technology to detennine the location of property parcels, roads, addresses, and jurisdictional boundaries.

3. The address 3110 Troy Road, Wylie, Texas, is located within the territorial limits of Rockwall County, Texas. That address is not within the territorial limits of Collin County, Texas.

4. Attached to this affidavit as Exhibits I and 2 are true and correct copies of GIS maps showing the location of the address 3110 Troy Road, Wylie, Texas. Exhibit I shows the location of the parcel of land within which 3110 Troy Road, Wylie, Texas is located, outlined in green. Exhibit 2 shows the location of the parcel of land within which 3110 Troy Road, Wylie, Texas is located, outlined in green, relative to the boundary lines of Collin County and Rockwall County, which are outlined in red.

**FURTHER AFFIANT SAYETH NOT.**

ERIKA B1iIDES-

SWORN TO AND SUBSCRIBED BEFORE ME, on the 1st day of September, 2026, to certify which witness my hand and official seal of office.

MEREDITH GROSS
NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID 12601826-1
EXPIRES 03-02-2027

Notary Public in and for the
State of Texas

My commission expires: 3.2.2027.

# PROPERTY ID: 12116

ROCKWALL COUNTY TEXAS
GIS & 911 ADDRESSING




Exhibit 1

LEGEND

- Single Family Residential
- County
- City
- Private
- Dallas
- Wylie
- CAD Parcels
- Building Footprints
- Parcel in Question

0 47.5 95 190 US Feet

PID: 12116
Legal Desalption: AOI73 L B OUTLAW, TRACT4, ACRES 10.35
3110 Troy **Rd** Is not an official 911 address within the Rockwall County 911 database.

Source; Rockwall County GIS Department and North Central **Texas Council of Government**
Disclaimer: This Map is for Illustrallve purposes only. In no **wwy** should this be used to settle any boundary disputes or location conflicts.

**For data source information,** please contact Rodcwall County's:
Development Services
GIS & 911 Addressing
1101E Yellow Jacket Ln
Rockwall, TX 75087
Suite 130
(972) 204-7600

Map Created By Irina Ramirez
08/24/2026

# PROPERTY ID: 12116

ROCKWALL COUNTY TEXAS
GIS & 911 ADDRESSING




LEGEND

- Single Family Residential
- County
- City
- Private
- Dallas
- Wylie
- CAD Parcels
- Building Footprints
- Parcel in Question

0 105 210 420 US Feet

PID: 12116
Legal Description: A0173 L B OUTLAW, TRACT 4, ACRES 10.35
3110 Troy Rd is not an official 911 address within the Rockwall County 911 database.

Source: Rockwall County GIS Department and North Central Texas Council of Government
Disclaimer: This Map is for Illustrative purposes only. In no way should this be used to settle any boundary disputes or location conflicts.

For data source information, please contact Rockwall County's:
Development Services
GIS & 911 Addressing
1101 E Yellow Jacket Ln
Rockwall, TX 75087
Suite 130
(972) 204-7600

Map Created By Irina Ramirez
08/24/2026

Exhibit 2

Eastern District of Texas

| | | |
|---|---|---|
| ERIKA RASCON<br>*Plaintiff,*<br><br>**-v-**<br><br>ROCKWALL COUNTY, TEXAS; DEPUTY JEFFREY WALLS, in his individual capacity; DEPUTY TREY WILLIAMS, in his individual capacity; DEPUTY JOSE ACOSTA MEJIA, in his individual capacity; CITY OF WYLIE; JOHN/JANE DOE DEPUTIES 1–5, in their individual capacities; and JOHN/JANE DOE WYLIE POLICE OFFICERS 1–5,in their individual capacities,<br>*Defendants.* | ) | Case No. 4:26-cv-00573 |

**ORDER ON JOINT MOTION TO TRANSFER VENUE**

Before the Court is the Parties' Joint Motion to Transfer Venue to the United States District Court for the Northern District of Texas, Dallas Division. Having considered the Motion, the record, and the applicable law, the Court finds that the Motion should be **GRANTED** ____________ **DENIED**___________

The Parties represent that a substantial part of the events or omissions giving rise to this action occurred at or near 3110 Troy Road, Wylie, Texas, in Rockwall County. Rockwall County is within the Dallas Division of the United States District Court for the Northern District of Texas. See 28 U.S.C. §

124(a)(1). The Parties further agree that transfer will serve the convenience of the parties and witnesses and the interest of justice.

Accordingly, the Joint Motion to Transfer Venue is **GRANTED**___________ **DENIED**_________. Pursuant to 28 U.S.C. § 1406(a), or alternatively 28 U.S.C. § 1404(a), this action is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas, Dallas Division.

The Clerk of Court is **DIRECTED** to transfer the entire case file to the United States District Court for the Northern District of Texas, Dallas Division, and to close this case on the docket of this Court.

SO ORDERED.

SIGNED this _____ day of ________________, 2026.

UNITED STATES DISTRICT JUDGE